CITY OF SYLVANIA *et al.* v. HUDMON *et al.*

ATKINSON, Presiding Justice. 1. The plaintiffs' petition sought to enjoin obstruction of an alleged private way in the City of Sylvania, extending from Singleton Avenue to the State highway number 23, alleged to have been acquired by prescription. The petition was amended by adding count 2, seeking to enjoin obstruction of the alleged way as differently located, that is to say, by substitution of a street 35 feet wide over a new route, not for the whole of the alleged private way, but from the rear of two designated lots fronting Singleton Avenue, between which it was located, and extending thence to State highway number 23. The alleged right to the street depended upon an executory contract of a proprietor to grant the street through his land, and full performance on the part of the city by establishing and opening the street to the public, and by use of the street by the public for more than nine years. There was an issue by the pleadings as to prescriptive right to the part of the alleged private way that separated the lots fronting Singleton Avenue, and as to contractual right to the substituted part called a street. There was no evidence of any part of the alleged original private way having been kept in repair by the plaintiffs. The evidence showed that the alleged private way separating the two lots fronting

Singleton Avenue was twenty feet wide for the distance of the length of those lots, and at that point the street thirty-five feet wide commenced, and that the two except in width made a continuous way from Singleton Avenue to the State highway. There was evidence tending to show that the whole way was designed for the use of the abutting proprietors, and that such use thereof as made by the general public was merely permissive in so far as relates to a continuous way between Singleton Avenue and the State highway. The judge erred in directing the verdict for the plaintiffs, and in refusing a new trial.

2. Reversal of the judgment will result in setting aside the verdict. Consequently it is unnecessary to deal with the assignments of error relating to the decree and the subsequent motion to modify the decree.

*Judgment reversed. All the Justices concur.*

No. 12896. DECEMBER 4, 1939.

388

*T. J. Evans* and *C. L. Hilton,* for plaintiffs in error.
*John C. Hollingsworth,* contra.